JS 44   (Rev. 10/20)                                      **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.    *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Jerry Mercado | United Health Group, Inc.; United Healthcare; Optum Services, Inc. d/b/a Optum |

| **(b)**   County of Residence of First Listed Plaintiff   Middlesex County | County of Residence of First Listed Defendant   Minnetonka, MN |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*  Katherine C. Oeltjen Esq., Console Mattiacci Law, 110 Marter Ave., Suite 502, Moorestown, NJ 08057 | Attorneys *(If Known)* |
|---|---|

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §621, et seq.("ADEA"); 42 U.S.C. §2000e, et seq.("Title VII"); 42 U.S.C. §981, et seq.("Section 1981"); N.J.S.A. §10:5-1 et seq.("NJLAD")

Brief description of cause:
Plaintiff brings this discrimination and retaliation action against his former employer on the basis of age, sex and race.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.    |    **DEMAND $** in excess of $75,000    |    CHECK YES only if demanded in complaint:  JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**    *(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE 11/28/2023                SIGNATURE OF ATTORNEY OF RECORD   *Katherine C. Oeltjen*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

JERRY MERCADO
New Brunswick, NJ 08901

              Plaintiff,

    v.

UNITEDHEALTH GROUP, INC.
9900 Bren Road East
Minnetonka, MN 55343

and

UNITED HEALTHCARE
9900 Bren Road East
Minnetonka, MN 55343

and

OPTUM SERVICS, INC. d/b/a OPTUM
9900 Bren Road East
Minnetonka, MN 55343

              Defendants.

CIVIL ACTION NO.:

**COMPLAINT**

**JURY TRIAL DEMANDED**

## I.    __INTRODUCTION__

Plaintiff, Jerry Mercado ("Plaintiff"), brings claims against his former employers, UnitedHealth Group, Inc., UnitedHealthcare, and Optum Services, Inc. (collectively, "Defendants") for age, race, and sex discrimination and retaliation pursuant to the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, et seq. ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. ("Title VII"), the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981 ("Section 1981"), and the New Jersey Law Against Discrimination, as amended, N.J.S.A. 10:5-1, et seq. ("NJLAD"). Plaintiff seeks damages,

including economic loss, compensatory, liquidated, and punitive damages, costs and attorney's fees and all other relief that this Court deems appropriate.

## II.   **PARTIES**

1.      Plaintiff, Jerry Mercado, is an individual and a citizen of the State of New Jersey. He resides in New Brunswick, NJ 08901.

2.      Plaintiff was born in 1969.

3.      Plaintiff is male.

4.      Plaintiff is Hispanic.

5.      Defendant UnitedHealth Group, Inc., is a Delaware corporation with a principal place of business located at 9900 Bren Road East, Minnetonka, Minnesota 55343.

6.      Defendant UnitedHealthcare is a wholly owned subsidiary of Defendant UnitedHealth Group, Inc.

7.      Defendant UnitedHealthcare has a principal place of business located at 9900 Bren Road East, Minnetonka, Minnesota 55343.

8.      Defendant Optum Services, Inc., is a wholly owned subsidiary of Defendant UnitedHealth Group, Inc.

9.      Defendant Optum Services, Inc. has a principal place of business located at 9900 Bren Road East, Minnetonka, Minnesota 55343.

10.     At all times material hereto, Defendants acted as joint employers.

11.     At all times material hereto, Defendants, collectively and individually, held themselves out as Plaintiff's employer.

12.     Defendants are engaged in an industry affecting interstate commerce and regularly do business in the state of New Jersey.

13.     At all times material hereto, Plaintiff worked out of his home office in New Jersey.

14.     At all times material hereto, Defendants employed twenty (20) or more employees.

15.     At all times material hereto, Defendants acted by and through authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of their business.

16.     At all times material hereto, Defendants were employers within the meaning of the statutes which form the basis of this matter.

17.     At all times material hereto, Plaintiff was an employee of Defendants within the meaning of the statutes which form the basis of this matter.

### III.   <u>JURISDICTION AND VENUE</u>

18.     The causes of action which form the basis of this matter arise under the ADEA, Title VII, Section 1981, and the NJLAD.

19.     The District Court has jurisdiction over Count I (ADEA), Count II (Title VII-Race Discrimination), Count III (Title VII-Sex Discrimination) and Count IV (Section 1981) pursuant to 28 U.S.C. §1331.

20.     The District Court has jurisdiction over all Counts (I-V) pursuant to 28 U.S.C. §1332 since the amount in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000), exclusive of interests and costs, and as there is complete diversity of citizenship as Plaintiff is a citizen of New Jersey and Defendants are citizens of Minnesota.

21.     Venue is proper in the District Court under 28 U.S.C. §1391(b).

22.     On or about May 25, 2022, Plaintiff filed a Complaint with the New Jersey Division of Civil Rights ("NJDCR"), complaining of the acts of discrimination alleged herein.  Attached hereto and incorporated herein and marked as Exhibit "1" is a true and correct copy of the NJDCR Complaint (with personal identifying information redacted).

23.     On or about August 26, 2022, Plaintiff filed an Amended Charge of Discrimination with the EEOC, complaining of the acts of discrimination and retaliation alleged here. Attached hereto and incorporated herein and marked as Exhibit "2" is a true and correct copy of the Second EEOC Charge of Discrimination (with personal identifying information redacted).

24.     On or about December 31, 2022, Plaintiff filed a Second Charge of Discrimination with the EEOC, complaining of the acts of discrimination and retaliation alleged here. Attached hereto and incorporated herein and marked as Exhibit "3" is a true and correct copy of the Second EEOC Charge of Discrimination (with personal identifying information redacted).

25.     Beginning on or about September 10, 2023, the EEOC issued to Plaintiff a Dismissal and Notice of Rights for Plaintiff's Charges. Attached hereto and marked as Exhibit 4" are true and correct copies of the notices (with personal identifying information redacted).

26.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

**IV.      FACTUAL ALLEGATIONS**

27.     Plaintiff was hired by Defendants on or about September 9, 2002, through a predecessor in interest.

28.     During his tenure with Defendants, Plaintiff worked in multiple roles and for multiple divisions of Defendant UnitedHealthcare Group, Inc.

29.     Plaintiff routinely received positive performance appraisals and accolades during his approximately two-decades of employment.

30.     By November 2021, Plaintiff was working as a Practice Performance Manager ("PPM").

31.     In that role, Plaintiff reported to Lauren Giannattasio ("Giannattasio") (female, white, approximately age 32).

32.     Giannattasio reported to Melissa Zelinski ("Zelinski") (female, white, approximately age 35).

33.     While Plaintiff reported to Giannattasio she remarked about his length of service with Defendants.

34.     Plaintiff understood Giannattasio's remark to be, at least in part, a reference to his age.

35.     On or about November 18, 2021, Plaintiff applied for a posted position: Manager, Quality Field Organization.

36.     Plaintiff was qualified for the position.

37.     The position would be a promotion for Plaintiff.

38.     In addition to Plaintiff, Jessica Keigler ("Keigler") (female, white, approximately age 32), Natalia Nieroda (female, Hispanic, 40), and Bhumika Patel (female, Indian, approximately age 35) applied for the position.

39.     On or about November 19, 2021, Plaintiff was interviewed for the position by: Giannattasio, Tracey Vadakel (female, Indian, approximately age 32), Associate Director, Walter Green (male, white, approximately age 48), Executive Director, and Kristen Lisacchi (female, white, approximately age 32), Manager.

40.     On November 30, 2021, in a phone call with Giannattasio and Vadakel, Plaintiff was told he did not get the positions.

41.     Defendants failed to promote Plaintiff to the Manager, Quality Field Organization position.

42.     Instead, the Defendants promoted Keigler.

43.     Plaintiff was more qualified for the position than Keigler.

44.     Plaintiff had more service time with Defendants than Keigler.

45.     Defendants' stated reason for failing to promote Plaintiff was that Keigler was more knowledgeable about patient experience since she was leading a group at the time she was selected.

46.     Defendants' stated reason is false and pre-textual.

47.     Plaintiff provided Defendants with examples/explanations as to how his experiences and qualifications were superior to Keigler's.

48.     For example and without limitation:

    i.   Before Keigler was promoted over Plaintiff, Plaintiff and. Keigler were peers and held the same position;

    ii.   Plaintiff had provided training to Keigler when she started working in his group;

    iii.   Unlike Keigler, Plaintiff has a bachelor's degree;

    iv.   Plaintiff's performance was superior to Keigler's performance in the same role;

    v.   Keigler had only approximately four (4) years of service with Defendants compared to Plaintiff who had more than nineteen and a half (19.5) years of service with Defendants.

49.     Keigler had been nominated and permitted to participate in Defendants' Emerging Leaders Program.

50.     Plaintiff believes the Emerging Leaders Program provides an advantage to younger employees by fostering their growth and development.

51.     Defendants did not offer similar growth and development by way of an organized program to older workers.

52.     The Emerging Leaders Program discriminates against older workers.

53.     Despite his strong performance, Plaintiff had never been nominated or otherwise permitted to participate in the Emerging Leaders Program.

54.     During his employment with Defendants, Zelinski promised Plaintiff that she would nominate him for the Emerging Leaders Program, but she never did.

55.     Defendants had not provided an explanation to Plaintiff as to why he had not been nominated to the Emerging Leaders Program.

56.     Following her promotion, Plaintiff was required to report to Keigler.

57.     Multiple employees told Plaintiff that they believed that Defendants make promotional decisions based on age and/or race.

58.     On or about December 14, 2021, in a phone call with Cassie Snider ("Snider") (female, white, approximately age 25) Employee Relations Consultant, Plaintiff complained of age and race discrimination in connection with Defendants' failure to promote him.

59.     Plaintiff stated that he was aware that other employees believed that they had not been promoted because of their race and age.

60.     Plaintiff provided Snider with a copy of his notes, which stated that he believed that he was not promoted because of his age and race.

61.     On December 16, 2021, in an email to Snider, Plaintiff complained of age and race discrimination in connection with Defendants' failure to promote him.

62.     On January 6, 2022, in a phone call with John Dunn ("Dunn") (male, white, approximately age 27) Employee Relations, Plaintiff complained of age and race discrimination in connection with Defendants' failure to promote him.

63.     Plaintiff stated that he was aware that other employees believed that they had not been promoted because of their race and age.

64.     On February 8, 2022, in an email, Snider stated the following: "This email will serve as a formal closure to the issue that you raised via HRDirect. Your concern was thoroughly looked into and addressed appropriately based on the feedback gathered. In addition, please understand that due to confidentiality and privacy concerns, the company cannot provide specific details to you but I can assure you that your concerns were taken seriously and looked into thoroughly."

65.     Defendants did not provide Plaintiff with any other information related to his complaints of discrimination.

66.     On February 8, 2022, in a response email to Snider, Plaintiff stated the following: "I have not seen anything addressed, I now report to a less qualified person than me, and the promise of being nominated to the Emerging Leader has not occurred. So if the dateline has passed I consider that retaliation. I find this unsatisfactory and therefore as discussed with you, I will be forced to turn this situation from an internal grievance to an external grievance. I will file with the Office of Civil Rights (OCR) and the NJ State."

67.     On February 10, 2022, Plaintiff contacted the New Jersey Division of Civil Rights ("NJDCR") regarding his discrimination claims.

68.     On May 25, 2022, Plaintiff filed his first Charge of Discrimination with the EEOC and NJDCR.

69.     Following the filing of his first Charge of Discrimination, Plaintiff engaged in diligent efforts to obtain a promotion and/or otherwise grow his career within Defendants' organization.

70.     On or about June 10, 2022, Plaintiff applied for the posted Clinical Quality Consultant position.

71.     Plaintiff was qualified for the position.

72.     On or about July 5, 2022, in an email from Talent Acquisition, Defendants failed to promote Plaintiff to Clinical Quality Consultant.  The stated reason was that "the opening for this specific position is no longer available at this time."

73.     Defendants failed to promote Plaintiff to the Clinical Quality Consultant position because of his age and/or race and/or sex and/or him having engaged in protected activity.

74.     On or about June 23, 2022, Plaintiff applied for the posted Senior Clinical Transformation Manager position.

75.     Plaintiff was qualified for the position.

76.     On or about June 23, 2022, Plaintiff applied for the posted Market Relations Associate Director, East Region position.

77.     Plaintiff was qualified for the position.

78.     On or about July 15, 2022, in an email from Talent Acquisition, Defendants failed to promote Plaintiff to Market Relations Associate Director, East Region.

79.     The stated reason was that "this specific position has been filled by a candidate who was engaged in the interviewing process at the time of [Plaintiff's] application."

80.     Defendants failed to promote Plaintiff to the Market Relations Associate Director, East Region position because of his age and/or race and/or sex and/or him having engaged in protected activity.

81.     On or about August 12, 2022, in an email from Kelly Taylor, Talent Acquisition, Defendants failed to promote Plaintiff to Senior Clinical Transformation Manager.  The stated reason was that Defendants were "moving forward with other applicants for this position at this time."

82.     Defendants failed to promote Plaintiff to the Senior Clinical Transformation Manager position because of his age and/or race and/or sex and/or him having engaged in protected activity.

83.     On or about August 29, 2022, Plaintiff filed an Amended Charge of Discrimination with the EEOC and the NJDCR.

84.     Plaintiff notified Defendants via email, on or about September 2, 2022, that he had filed an Amended Charge of Discrimination with the EEOC and the NJDCR and attached a copy of his filing.

85.     Defendants did not respond to Plaintiff notifying them he had filed an Amended charge.

86.     On or about September 14, 2022, Plaintiff applied for a promotion to a HEDIS Stars Clinical Quality Consultant position.

87.     Plaintiff was qualified for the position.

88.      On or about September 30, 2022, in an email from Raul Vera, Talent Acquisition, Defendants failed to promote Plaintiff to HEDIS Stars Clinical Quality Consultant.

89.     The stated reason was that he did not "meet one or more of the required qualifications advertised within the posting."

90.     The stated reason was false.

91.     Defendants failed to interview Plaintiff for or promote him to the HEDIS Stars Clinical Quality Consultant position because of his age and/or race and/or sex and/or him having engaged in protected activity.

92.     Following the filing of his Amended Charge of Discrimination, and notice to Defendants that he had filed an Amended Charge, Plaintiff continue to seek advancement within Defendants' organization by applying to the following positions, without limitation:

       i.   HEDIS Stars Clinical Quality Consultant position (applied on or about on September 14, 2022);

      ii.   Director of Quality Improvement Program Reporting position (applied on or about September 14, 2022);

     iii.    Medicaid HEDIS Quality Measure position (applied on or about September 23, 2022);

     iv.   Quality Process Improvement Engineer position (applied on or about September 23, 2022); and,

      v.   HEDIS Performance Manager position (applied on or about September 29, 2022).

93.     Plaintiff was qualified for each of the positions listed above.

94.     Defendants failed to promote Plaintiff into any of the positions listed above.

95.     Defendants, aware of Plaintiff's desire to promote him, did not promote Plaintiff into any open position within Defendants' organization for which he was qualified.

11

96.     Plaintiff was not provided with the selection criteria used to deny him each position.

97.     Defendants provided false and/or pre-textual reasons for failing to promote him.

98.     Plaintiff was not selected for the above identified positions because of his age and/or his race and/or his sex and/or his complaints of discrimination and retaliation.

99.     Plaintiff believed that he would never be promoted because of his age and/or his race and or/his sex and/or because of his engagement in protected activity.

100.    Plaintiff believed that terms and conditions of his employment had changed and that a hostile work-environment existed.

101.    On or about November 2, 2022, in a written statement submitted to HRDirect, Plaintiff complained of retaliation based on him engaging in protected activity in connection with Defendants' failure to promote him.

102.    On or about November 2, 2022, in a written statement submitted to HRDirect, Plaintiff complained of retaliation based on him engaging in protected activity in connection with Defendants' failure to pay Plaintiff a bonus he earned.

103.    On November 9, 2022, in a meeting with Snider, Plaintiff complained of retaliation based on him engaging in protected activity in connection with Defendants' failure to promote him and pay him a bonus he earned.

104.    Defendants did not take any action to remediate the discrimination and retaliation that Plaintiff had been subjected to at any time, let alone following the November 9th meeting.

105.    On November 14, 2022, in an email to Keigler, Giannattasio, and Snider, Plaintiff resigned from his employment, effective November 25, 2022.

106.    Plaintiff stated that he was resigning from Defendants because of the race, age, and sex discrimination and retaliation to which he has been subjected.

107.   Defendants did not make any effort to retain Plaintiff.

108.   Defendants did not take any action to remediate the discrimination and retaliation that Plaintiff had been subjected to.

109.   The discriminatory and retaliatory conduct of Defendants, as alleged herein, was severe and/or pervasive enough to make a reasonable person believe that the conditions of employment had been altered and that a hostile work environment existed, and made Plaintiff believe that the conditions of employment had been altered and that a hostile work environment existed.

110.   Plaintiff was subjected to a hostile work environment.

111.   The Defendants stated reasons for failing to promote him, when any were provided, are pretextual.

112.   Plaintiff's age was a motivating and/or determinative factor in connection with Defendants' discriminatory and retaliatory treatment of Plaintiff.

113.   Plaintiff's race was a motivating and/or determinative factor in connection with Defendants' discriminatory and retaliatory treatment of Plaintiff.

114.   Plaintiff's sex was a motivating and/or determinative factor in connection with Defendants' discriminatory and retaliatory treatment of Plaintiff.

115.   Plaintiff's complaining of discrimination and retaliation was a motivating and/or determinative factor in Defendants' discriminatory and retaliatory treatment of Plaintiff.

116.   Defendants failed to prevent or address the discriminatory and retaliatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of discriminatory and retaliatory conduct.

117.    The retaliatory actions taken against Plaintiff after he complained of discriminatory conduct would have discouraged a reasonable employee from complaining about discrimination.

118.    As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

119.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

## COUNT I – ADEA

120.    Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

121.    By committing the foregoing acts of discrimination and retaliation against Plaintiff, including without limitation by way of: subjecting him to a hostile work environment, failing to promote him, failing to pay him a bonus and in connection with the separation of his employment, Defendants have violated the ADEA.

122.    Defendants' violations of the ADEA were intentional and willful under the circumstances, warranting the imposition of liquidated damages.

123.    As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff has suffered the injuries, damages, and losses set forth herein.

124.    Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

## COUNT II—TITLE VII (Race Discrimination and Retaliation)

125.     Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

126.     By committing the foregoing acts of discrimination and retaliation against Plaintiff based on race and complaints of race discrimination, including without limitation by way of: subjecting him to a hostile work environment, failing to promote him, failing to pay him a bonus and in connection with the separation of his employment, Defendants have violated Title VII.

127.     Defendants acted intentionally, and with malice and/or reckless indifference to Plaintiff's rights, and its conduct warrants the imposition of punitive damages.

128.     As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has suffered the losses set forth herein and has incurred attorneys' fees and costs.

129.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' retaliatory acts unless and until this Court grants the relief requested herein.

## COUNT III—TITLE VII (Sex Discrimination and Retaliation)

130.     Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

131.     By committing the foregoing acts of discrimination and retaliation against Plaintiff based on sex and complaints of sex discrimination, including without limitation by way of: subjecting him to a hostile work environment, failing to promote him, failing to pay him a bonus and in connection with the separation of his employment, Defendants have violated Title VII.

132.     Defendants acted intentionally, and with malice and/or reckless indifference to Plaintiff's rights, and its conduct warrants the imposition of punitive damages.

133.    As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has suffered the losses set forth herein and has incurred attorneys' fees and costs.

134.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' retaliatory acts unless and until this Court grants the relief requested herein.

### COUNT IV—SECTION 1981

135.    Plaintiff incorporates by reference the above paragraphs as if set forth herein in their entirety.

136.    By committing the foregoing acts of discrimination and retaliation against Plaintiff, including without limitation by way of: subjecting him to a hostile work environment, failing to promote him, failing to pay him a bonus and in connection with the separation of his employment Defendants have violated Section 1981.

137.    Said violations were done with malice and/or reckless indifference to Plaintiff's protected rights, and warrant the imposition of punitive damages.

138.    As a direct and proximate result of Defendants' violation of Section 1981, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

139.    Plaintiff suffered irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

140.    No previous application has been made for the relief requested herein.

141.    Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

## COUNT V—NJLAD

142.    Defendants, by the above-described discriminatory and retaliatory acts, including without limitation by way of: subjecting him to a hostile work environment, failing to promote him, failing to pay him a bonus and in connection with the separation of his employment, have violated the NJLAD.

143.    Members of Defendants' upper management had actual participation in, or willful indifference to, Defendants' wrongful conduct described herein, and their conduct warrants the imposition of punitive damages against Defendants.

144.    As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff has sustained the injuries, damages, and losses set forth herein, and has incurred attorney's fees and costs.

145.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and unlawful acts unless and until this Court grants the relief requested herein.

146.    No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants:

(a) declaring the acts and practices complained of herein to be a violation of the ADEA;

(b) declaring the acts and practices complained of herein to be in violation of Title VII;

(c) declaring the acts and practices complained of herein to be in violation of Section 1981;

(d) declaring the acts and practices complained of herein to be in violation of the NJLAD;

17

(c) entering judgment against Defendants and in favor of Plaintiff in an amount to be determined;

(d) enjoining and restraining permanently the violations alleged herein;

(e) awarding compensatory damages to Plaintiff to make Plaintiff whole for all past and future lost earnings, benefits, and earning capacity, which Plaintiff has suffered and will continue to suffer as a result of Defendants' discriminatory, retaliatory, and unlawful misconduct;

(f) awarding liquidated damages;

(g) awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

(h) awarding Plaintiff costs of this action, together with reasonable attorney's fees;

(i) awarding punitive damages to Plaintiff;

(j) awarding Plaintiff such other damages as are appropriate under the ADEA, Title VII, Section 1981,and the NJLAD; and

(k) granting such other and further relief as this Court deems appropriate.


**CONSOLE MATTIACCI LAW, LLC**

Dated: November 28, 2023  BY: *Katherine C. Oeltjen*
        Katherine C. Oeltjen (57372013)
        **CONSOLE MATTIACCI LAW LLC**
        110 Marter Avenue, Suite 502
        Moorestown, NJ 08057
        Telephone: (856) 854-4000
        Facsimile: (215) 565-2852

        *Attorney for Plaintiff Jerry Mercado*

# Exhibit "1"

DocuSign Envelope ID: 5B5E99F6-8B96-40EA-8524-057628006315

STATE OF NEW JERSEY
DEPARTMENT OF LAW & PUBLIC SAFETY
DIVISION ON CIVIL RIGHTS
DOCKET NO. E2022-000201



Jerry Mercado,

  Complainant,

v.

United Health Group,

  Respondent.

Verified Complaint
Received and Recorded
Date: 5/25/2022
Department of Law and Public Safety
Division on Civil Rights
By: Investigator Danielle Seymour

Complainant Jerry Mercado alleges that Respondent United Health Group committed acts of unlawful employment discrimination within the meaning of the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -49, when it denied Complainant, a promotion based on race and age. Complainant alleges as follows:

1. Complainant resides at ████████████, New Brunswick, New Jersey 08901.

2. Respondent operates a place of business located at 2 Gateway Center, Newark, New Jersey 07102.

3. Complainant belongs to a protected class. Specifically, Complainant is Hispanic or Latin and is 52 years old.

4. In or around September 2002, Respondent hired Complainant as a Network Account Manager and has risen to Practice Performance Manager.

5. Complainant was denied promotion based on race or color and age in violation of N.J.S.A. 10:5-12(a). Specifically,

 a. Complainant applied to be the manager of his department in November 2021. He interviewed for the position on November 19, 2021 and Respondent subsequently rejected him on November 30, 2021.

 b. The position was given to a white female, currently Manager of Quality Field Operations, in her early 30s who is less qualified than Complainant for the

1

position.

    c.    Complainant alleges that the current Manager of Quality Field Operations does not have a degree and has 4 years of experience, whereas Complainant has a degree and has been with Respondent for 19 years.  Complainant also has previous management experience outside of and within the division.

    d.   Further, all of management are White females younger than 40 years old.

6. The above LAD violations occurred in the County of Middlesex in the State of New Jersey.

7. Complainant has not instituted any other action, either criminal or civil, regarding this matter.

WHEREFORE, Complainant requests whatever relief is provided by law including, but not limited to, affirmative relief, and compensatory damages for economic loss, humiliation, mental pain and suffering.

Jerry Mercado, of full age, hereby certifies that they are the Complainant named herein; that they have read and understand the foregoing Complaint and, that to the best of their knowledge, information and belief, the facts alleged in this complaint are true.

DocuSigned by:

*Jerry Mercado*

5379B23CCB75489...

_____

COMPLAINANT JERRY MERCADO

DocuSign Envelope ID: 5B5E99F6-8B96-40EA-B521-057628006315

## EEOC CHARGE FORM

| |
|---|
| EEOC CHARGE NO. 17E-2022-000273 |
| **1. COMPLAINANT (CHARGING PARTY):** |
| Jerry Mercado<br>████████<br>New Brunswick, New Jersey 08901 |
| **2. RESPONDENT:** |
| United Health Group<br>2 Gateway Center<br>Newark, New Jersey 07102 |

THE PARTICULARS ARE:

Complainant Jerry Mercado alleges that Respondent United Health Group committed acts of unlawful employment discrimination, in violation of Title VII of the Civil Rights Act of 1964 (Title VII) and the Age Discrimination in Employment Act of 1967 (ADEA). Specifically, Complainant alleges that they were denied promotion based on race and age.

Complainant alleges as follows:

1.   Complainant belongs to a protected class. Specifically, Complainant is Hispanic or Latin, and is 52 years old.

2.   In or around September 2002, Respondent hired Complainant as a Network Account Manager and has risen to Practice Performance Manager.

3.   Complainant was denied hire or promotion based on race or color in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. 2000e-2. Specifically,

   a.   Complainant applied to be the manager of his department in November 2021. He interviewed for the position on November 19, 2021 and Respondent subsequently rejected him on November 30, 2021.

   b.   The position was given to a white female, currently Manager of Quality Field Operations, in her early 30s who is less qualified than Complainant for the position.

   c.   Complainant alleges that the current Manager of Quality Field Operations does not have a degree and has 4 years of experience, whereas Complainant has a degree and has been with Respondent for 19 years.  Complainant also has previous management experience outside of and within the division.

   d.   Further, all of management are White females younger than 40 years old.

# EEOC CHARGE FORM

|  |
|---|
| 4.     Complainant was denied hire or promotion based on age in violation of the Age Discrimination in Employment Act of 1967 (ADEA) as stated above in paragraph 3. |
| 5.     Complainant has not instituted any other action, either criminal or civil, regarding this matter. |
| WHEREFORE, Complainant requests whatever relief is provided by law including, but not limited to, affirmative relief, and compensatory damages for economic loss, humiliation, mental pain and suffering. |
| I, JERRY MERCADO, DECLARE UNDER PENALTY OF PERJURY THAT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF THE FACTS ALLEGED HEREIN ARE TRUE AND CORRECT. |

DocuSigned by:

*Jerry Mercado*

5379B23CCB75489...

_____

Signature

5/25/2022

_____

Date

# Exhibit "2"

| **AMENDED CHARGE OF DISCRIMINATION**<br><br>This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | AGENCY<br>Q  FEPA<br>X  EEOC | CHARGE NUMBER |
|---|---|---|
| STATE OR LOCAL AGENCY: <u>New Jersey Division on Civil Rights</u><br>(Docket number E2022-000201) | | 17E-2022-000273 |

| NAME (Indicate **Mr.**, Ms., Mrs.)<br>**Jerry Mercado** | HOME TELEPHONE NUMBER *(Include Area Code)* |
|---|---|
| STREET ADDRESS | CITY, STATE AND ZIP<br>New Brunswick, New Jersey 08901 | DATE OF BIRTH<br>██ 1969 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**UnitedHealth; UnitedHealth Group;<br>UnitedHealth Group Inc.;<br>Optum Services, Inc.** | NUMBER OF EMPLOYEES, MEMBERS<br>> 20 | TELEPHONE (Include Area Code)<br>(973) 983-3706 |
|---|---|---|
| STREET ADDRESS<br>2 Gateway Center | CITY, STATE AND ZIP<br>Newark, NJ 07102 | COUNTY<br>Essex |

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>X Race  Q Color  X Sex   Q Religion   Q National Origin<br>  Q Retaliation   X Age  Q Disability  Q Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br><br>*Earliest*          *Latest*  08/22/2022 (ongoing) |
|---|---|

**The Particulars Are:**

A.   1.   Relevant Work History

I was hired by Respondents on or about September 9, 2002.  I am a current employee of Respondents.  I hold the position of Practice Performance Manager.  I report to Jessica Keigler (female, white, 32ᵃ), Manager of Quality Field Operations.  Keigler reports to Lauren Giannattasio (female, white, 35), Associate Director.  Giannattasio reports to Melissa Zelinski (female, white, 40), Director.

Respondents failed to promote me to Manager, Quality Field Organization.  Instead of promoting me, Respondents promoted Keigler.  I was more qualified for the Manager, Quality Field Organization position with longer service time at Respondents than the substantially younger, white, female employee who was promoted instead of me.  Respondents failed to promote me because of my race, my age, and/or my sex.

I consistently demonstrated excellent performance and dedication to Respondents.  I performed my duties in a competent manner.

| X I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct. | |
| Date: 08/26/2022   Charging Party (Signature):<br><br>*Jerry B Mercado* | SIGNATURE OF COMPLAINANT<br><br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

---

ᵃ All ages referenced herein are approximations.

**EEOC Charge of Discrimination**
**Initials of Charging Party –**

2.      Harm Summary

I have been discriminated against because of my race (Hispanic), my age (52), and my sex (male).  Evidence of the discriminatory conduct to which I have been subjected includes, but is not limited to, the following.

(a)  Before reporting to Keigler, I reported to Giannattasio.

(b)  I have been treated differently and worse, and in a more hostile and dismissive manner, than female and/or white and/or younger employees were treated.

(c)  Giannattasio commented to me that she could not believe how long I had been employed with Respondents.  I understood this comment to be evidence of age bias.

(d)  I have not been recognized for my accomplishments and certifications, unlike female and/or white and/or younger employees have been.

(e)  I have been piled on with work and tasks.

(f)  I have had good accounts removed from me.

(g)  I have been assigned poorer accounts.

(h)  Respondents have an Emerging Leaders Program, and provides development, training, and leadership opportunities to young employees.

(i)  Respondents' Emerging Leaders Program intentionally discriminates against employees over age forty (40) and disparately impacts employees over age forty (40).

(j)  Keigler (32) participated in the Emerging Leaders Program.

(k)  I have not been nominated for or accept into the Emerging Leaders Program.

(l)  On November 18, 2021, I applied for the posted Manager, Quality Field Organization position.  I was qualified for the position.

(m)  In addition to me, Natalia Nieroda (female, Hispanic, 40), Supervisor, Bhumika Patel (female, Indian, 35), and Keigler applied for the Manager, Quality Field Organization position.

(n)  On November 19, 2021, I interviewed with Giannattasio (female, white, 35), Tracey Vadakel (female, white, 40), Associate Director, Walter Green (male, white, 48), Executive Director, Kristen Lisacchi (female, white, 32), Manager, for the posted Manager, Quality Field Organization position.

(o)  On November 30, 2021, in a phone call with Giannattasio and Vadakel, Respondents failed to promote me to Manager, Quality Field Organization.  Instead of promoting me, Respondents promoted Keigler (female, white, 32).  I was more qualified for the Manager, Quality Field Organization position and had longer service time at Respondents than the substantially younger, white, female employee who was promoted instead of me.  The stated reason for promoting Keigler instead of me was that Keigler was more knowledgeable about patient experience because she was leading a group.  This was false.  I provided examples as to how my experience and qualifications were superior to Keigler's.

2

EEOC Charge of Discrimination
Initials of Charging Party –

(p)  Before Keigler was promoted, we were peers and held the same position.

(q)  Unlike Keigler, I have a bachelor's degree.

(r)  My performance was superior to Keigler's performance.

(s)  Keigler has approximately four (4) years of service with Respondents compared to my more than nineteen and a half (19.5) years of service with Respondents.

(t)  Respondents failed to promote me to the Manager, Quality Field Organization position because of my age and/or race and/or sex.

(u)  Following the above, I began reporting to Keigler.

(v)  Employees told me that they believed that Respondents make promotional decisions based on age and/or race.

(w)  On December 14, 2021, in a phone call with Cassie Snider (female, white) Employee Relations Consultant, Employee Relations, I complained of age and race discrimination in connection with Respondents' failure to promote me. I stated that I was aware that other employees believed that they had not been promoted because of their race and age. I provided her with a copy of my notes, which stated that I believed that I was not promoted because of my age and race.

(x)  On December 16, 2021, in an email to Snider, I complained of age and race discrimination in connection with Respondents' failure to promote me.

(y)  On January 6, 2022, in a phone call with John Dunn (male, white) Employee Relations, I complained of age and race discrimination in connection with Respondents' failure to promote me. I stated that I was aware that other employees believed that they had not been promoted because of their race and age.

(z)  On February 8, 2022, in an email from Snider, she stated the following: "This email will serve as a formal closure to the issue that you raised via HRdirect. Your concern was thoroughly looked into and addressed appropriately based on the feedback gathered. In addition, please understand that due to confidentiality and privacy concerns, the company cannot provide specific details to you but I can assure you that your concerns were taken seriously and looked into thoroughly."

(aa) Respondents provided me with no conclusion or determination or response by the company following any investigation into my age, race, and sex discrimination complaints.

(bb) On February 8, 2022, in a response email to Snider, I stated the following: "I have not seen anything addressed, I now report to a less qualified person than me, and the promise of being nominated to the Emerging Leader has not occurred. So if the dateline has passed I consider that retaliation. I find this unsatisfactory and therefore as discussed with you, I will be forced to turn this situation from an internal grievance to an external grievance. I will file with the Office of Civil Rights (OCR) and the NJ State."

(cc) On February 8, 2022, in a response email from Snider, she stated the following: "Unfortunately you wouldn't see what was addressed or how given the confidentiality issues I noted below. A thorough investigation was completed and we cannot substantiate that any discriminatory practices occurred during the hiring process of the position you provided. I am not sure what nomination that you are referring to,

3

**EEOC Charge of Discrimination**
**Initials of Charging Party –**

however I believe that this is managed by your leadership and you should discuss that concern with them."

(dd) On February 10, 2022, I contacted the NJDCR regarding my discrimination claims.

(ee) On May 25, 2022, I filed my first Charge of Discrimination with the EEOC and NJDCR.

(ff) On June 10, 2022, I applied for the posted Clinical Quality Consultant position. I was qualified for the position.

(gg) On July 5, 2022, in an email from Talent Acquisition, Respondents failed to promote me to Clinical Quality Consultant. The stated reason was that "the opening for this specific position is no longer available at this time."

(hh) I received no explanation, including the criteria, as to why I was not interviewed for or promoted to Clinical Quality Consultant.

(ii) Respondents failed to promote me to the Clinical Quality Consultant position because of my age and/or race and/or sex and/or my having engaged in protected activity.

(jj) On June 23, 2022, I applied for the posted Senior Clinical Transformation Manager position. I was qualified for the position.

(kk) On June 23, 2022, I applied for the posted Market Relations Associate Director, East Region position. I was qualified for the position.

(ll) On July 15, 2022, in an email from Talent Acquisition, Respondents failed to promote me to Market Relations Associate Director, East Region. The stated reason was that "this specific position has been filled by a candidate who was engaged in the interviewing process at the time of [my] application."

(mm) I received no explanation, including the criteria, as to why I was not interviewed for or promoted to Market Relations Associate Director, East Region.

(nn) Respondents failed to promote me to the Market Relations Associate Director, East Region position because of my age and/or race and/or sex and/or my having engaged in protected activity.

(oo) On August 12, 2022, in an email from Kelly Taylor, Talent Acquisition, Respondents failed to promote me to Senior Clinical Transformation Manager. The stated reason was that Respondents were "moving forward with other applicants for this position at this time."

(pp) I received no explanation, including the criteria, as to why I was not interviewed for or promoted to Senior Clinical Transformation Manager.

(qq) Respondents failed to promote me to the Senior Clinical Transformation Manager position because of my age and/or race and/or sex and/or my having engaged in protected activity.

(rr) Respondents failed to remedy or prevent the race, age, and sex discrimination to which I have been subjected.

(ss) Respondents failed to promote me to any position for which I was qualified and had applied because of my race and/or my age and/or my sex and/or my engaging in protected activity.

4

EEOC Charge of Discrimination
Initials of Charging Party –

(tt)  Respondents subjected me to a hostile work environment because of my race, and/or my age and/or my sex and/or my engaging in protected activity.

(uu) I have not had any performance or disciplinary issues throughout my employment.

(vv) Other employees have complained of race and/or age and/or sex discrimination at Respondents.

(ww)   Respondents' race, age, and sex discriminatory and retaliatory conduct and comments have caused me emotional distress.

'B.   1.   Respondents' Stated Reasons

(a)   Respondents' stated reason for failing to promote me to Manager, Quality Field Organization—that Keigler was more knowledgeable about patient experience because she was leading a group—is pretext for race, age, and/or sex discrimination.

(b)   Respondents' stated reason for failing to promote me to Senior Clinical Transformation Manager— that Respondents were moving forward with other applicants for this position at this time—is pretext for race, age, and/or sex discrimination and/or retaliation for engaging in protected activity.

(c)   Respondents' stated reason for failing to promote me to Market Relations Associate Director, East Region—that this specific position was filled by a candidate who was engaged in the interviewing process at the time of my application—is pretext for race, age, and/or sex discrimination and/or retaliation for engaging in protected activity.

(d)   Respondents' stated reason for failing to promote me to Clinical Quality Consultant—that the opening for this specific position was no longer available at this time—is pretext for race, age, and/or sex discrimination and/or retaliation for engaging in protected activity.

(e)   Respondents have provided no explanation for subjecting me to a hostile work environment because of my race, age, and/or sex and/or engaging in protected activity.

C.   1.   Statutes and Bases for Allegations

I believe that Respondents have discriminated against me based on my race (Hispanic), age (52), and sex (male) and retaliated against for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.* ("Title VII"), Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), and the New Jersey Law Against Discrimination, as amended, N.J.S.A. § 10:5-1, *et seq.* ("NJLAD"), as set forth herein.

# Exhibit "3"

| SECOND CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | Q  FEPA<br>X  EEOC | |

| STATE OR LOCAL AGENCY:  New Jersey Division on Civil Rights | | |
|---|---|---|

| NAME (Indicate **Mr.**, Ms., Mrs.)<br>**Jerry Mercado** | HOME TELEPHONE NUMBER (Include Area Code) |
|---|---|
| STREET ADDRESS<br>███████ | CITY, STATE AND ZIP<br>New Brunswick, New Jersey 08901 | DATE OF BIRTH<br>████ 1969 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**UnitedHealth; UnitedHealth Group;**<br>**UnitedHealth Group Inc.;**<br>**Optum Services, Inc.** | NUMBER OF EMPLOYEES, MEMBERS<br>> 20 | TELEPHONE (Include Area Code)<br>(973) 983-3706 |
|---|---|---|
| STREET ADDRESS<br>2 Gateway Center | CITY, STATE AND ZIP<br>Newark, NJ 07102 | COUNTY<br>Essex |

| CAUSE OF DISCRIMINATION (Check appropriate box(es))<br>X Race   Q  Color   X Sex   Q  Religion   Q  National Origin<br>Q  Retaliation   X Age   Q  Disability   Q  Other (Specify) | DATE DISCRIMINATION TOOK PLACE<br><br>Earliest          Latest  11/25/2022 |
|---|---|

## The Particulars Are:

A.     1.     Relevant Work History

I was hired by Respondents on or about September 9, 2002.  I last held the position of Practice Performance Manager.  I last reported to Jessica Keigler (female, white, 32[a]), Manager of Quality Field Operations.  Keigler reported to Lauren Giannattasio (female, white, 35), Associate Director.  Giannattasio reported to Melissa Zelinski (female, white, 40), Director.

Respondents repeatedly failed to promote me to any position for which I had applied and was qualified.  Instead of promoting me, Respondents selected substantially younger, white, female, and/or noncomplaining candidates.  Respondents failed to promote me because of my race, my age, my sex, and/or my engaging in protected activity, including having filed an EEOC Charge.  I resigned from my employment with Respondents because of the race, age, and sex discrimination and retaliation to which I was subjected.

I consistently demonstrated excellent performance and dedication to Respondents.  I performed my duties in a competent manner.

| **X** I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements) |
|---|---|
| | I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
| I declare under penalty or perjury that the foregoing is true and correct. | |

| Date:  12/3/22          Charging Party (Signature):<br><br>*Jerry B Mercado* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |
|---|---|

---

[a] All ages referenced herein are approximations.

**EEOC Charge of Discrimination**
**Initials of Charging Party –** *JBm*

2.    Harm Summary

I have been discriminated against because of my race (Hispanic), my age (52), and my sex (male), and retaliated against because I engaged in protected activity.  Evidence of the discriminatory and retaliatory conduct to which I have been subjected includes, but is not limited to, the following.

(a)  On August 29, 2022, I filed my first Amended Charge of Discrimination with the EEOC and NJDCR.

(b)  On September 2, 2022, in an email to Keigler, Giannattasio, and Cassie Snider (female, white), Employee Relations Consultant, Employee Relations, I stated the following: "As a courtesy, I want to inform you that I have filed an Amended Charge of Discrimination with the United States Equal Employment Opportunity Commission (EEOC) and the New Jersey Division on Civil Rights (NJDCR), a copy of which is attached."

(c)  I received no response to my above email.

(d)  On September 30, 2022, in an email from Raul Vera, Talent Acquisition, Respondents failed to promote me to HEDIS Stars Clinical Quality Consultant (requisition number 2107753).  The stated reason was that I did not "meet one or more of the required qualifications advertised within the posting."  This is false.

(e)  Respondents failed to interview me for or promote me to the HEDIS Stars Clinical Quality Consultant (requisition number 2107753) position because of my age and/or race and/or sex and/or my having engaged in protected activity.

(f)  On September 14, 2022, I applied for the posted HEDIS Stars Clinical Quality Consultant (requisition number 2073859) position.  I was qualified for the position.

(g)  On October 7, 2022, in an email from Tally Seifert, Talent Acquisition, Respondents failed to promote me to HEDIS Stars Clinical Quality Consultant (requisition number 2073859).  The stated reason was that Respondents were "moving forward with other applicants for this position at this time."

(h)  I received no explanation, including the criteria, as to why I was not interviewed for or promoted to HEDIS Stars Clinical Quality Consultant (requisition number 2073859).

(i)  Respondents failed to interview me for or promote me to the HEDIS Stars Clinical Quality Consultant (requisition number 2073859) position because of my age and/or race and/or sex and/or my having engaged in protected activity.

(j)  On September 14, 2022, I applied for the posted Director of Quality Improvement Program Reporting (requisition number 2111816) position.  I was qualified for the position.

(k)  On September 27, 2022, in an email from Terra Eison, Recruiter, Talent Acquisition, Respondents failed to promote me to Director of Quality Improvement Program Reporting (requisition number 2111816).  The stated reason was that I would "not be moving forward in the selection process as this position is no longer available."

(l)  I received no explanation, including the criteria, as to why I was not interviewed for or promoted to Director of Quality Improvement Program Reporting (requisition number 2111816).

(m)  Respondents failed to interview me for or promote me to the Director of Quality

EEOC Charge of Discrimination
Initials of Charging Party – *JBm*

Improvement Program Reporting (requisition number 2111816) position because of my age and/or race and/or sex and/or my having engaged in protected activity.

(n) On September 23, 2022, I applied for the posted Medicaid HEDIS Quality Measure (requisition number 2104143) position.  I was qualified for the position.

(o) On September 28, 2022, in an email from Teri Blount, Talent Acquisition, Respondents failed to promote me to Medicaid HEDIS Quality Measure (requisition number 2104143).  The stated reason was that Respondents were "moving forward with other applicants for this position at this time."

(p) I received no explanation, including the criteria, as to why I was not interviewed for or promoted to Medicaid HEDIS Quality Measure (requisition number 2104143).

(q) Respondents failed to interview me for or promote me to the Medicaid HEDIS Quality Measure (requisition number 2104143) position because of my age and/or race and/or sex and/or my having engaged in protected activity.

(r) On September 23, 2022, I applied for the posted Quality Process Improvement Engineer (requisition number 2112492) position.  I was qualified for the position.

(s) On October 13, 2022, in an email from Kim Bodnar, Recruiter, Talent Acquisition, Respondents failed to promote me to Quality Process Improvement Engineer (requisition number 2112492).  The stated reason was that "[d]ue to business changes, the opening for this specific position is no longer available."

(t) I received no explanation, including the criteria, as to why I was not interviewed for or promoted to Quality Process Improvement Engineer (requisition number 2112492).

(u) Respondents failed to interview me for or promote me to the Quality Process Improvement Engineer (requisition number 2112492) position because of my age and/or race and/or sex and/or my having engaged in protected activity.

(v) On September 29, 2022, I applied for the posted HEDIS Performance Manager (requisition number 2116066) position.  I was qualified for the position.

(w) Following the above, I interviewed with Diana Flores, Talent Acquisition Senior Recruiter, for the HEDIS Performance Manager (requisition number 2116066) position.

(x) On November 1, 2022, in an email from Flores, Respondents failed to promote me to HEDIS Performance Manager (requisition number 2116066).  The stated reason was that "other applicants whose experience more closely fit the specifications of the position have been identified."

(y) I received no explanation, including the criteria, as to why I was not promoted to HEDIS Performance Manager (requisition number 2116066).

(z) Respondents failed to promote me to the HEDIS Performance Manager (requisition number 2116066) position because of my age and/or race and/or sex and/or my having engaged in protected activity.

(aa) On or about November 2, 2022, in a in a written statement submitted to HRDirect, I complained of retaliation based on my engaging in protected activity in connection with Respondents' failure to promote me.

(bb) On or about November 2, 2022, in a written statement submitted to HRDirect, I

3

EEOC Charge of Discrimination
Initials of Charging Party – *(signature)*

complained of retaliation based on my engaging in protected activity in connection with Respondents' failure to pay me a bonus I earned.

(cc) On November 9, 2022, in a meeting with Snider, I complained of retaliation based on my engaging in protected activity in connection with Respondents' failure to promote me and pay me a bonus I earned.

(dd) On November 14, 2022, in an email to Keigler, Giannattasio, and Snider, I resigned from my employment, effective November 25, 2022.  I stated that I was resigning from Respondents because of the race, age, and sex discrimination and retaliation to which I have been subjected.

(ee) Respondents made no effort to retain me as an employee.

(ff) Respondents failed to remedy or prevent the race, age, and sex discrimination and retaliation to which I have been subjected.

(gg) Respondents failed to promote me to any position for which I was qualified and had applied because of my race and/or my age and/or my sex and/or my engaging in protected activity.

(hh) Respondents subjected me to a hostile work environment because of my race and/or my age and/or my sex and/or my engaging in protected activity.

(ii) Respondents failed to pay me a bonus I earned because of my race and/or my age and/or my sex and/or my engaging in protected activity.

(jj) I had no performance or disciplinary issues throughout my employment.

(kk) Other employees have complained of race and/or age and/or sex discrimination at Respondents.

(ll) Respondents' race, age, and sex discriminatory and retaliatory conduct and comments have caused me emotional distress.


'B.    1.    Respondents' Stated Reasons

(a)    Respondents' stated reasons for failing to promote me to any position for which I was qualified and had applied are pretext for race, age, and/or sex discrimination and/or retaliation based on my engaging in protected activity.

(b)    Respondents have provided no explanation for subjecting me to a hostile work environment because of my race, age, and/or sex and/or engaging in protected activity.

(c)    Respondents' stated reason for failing to pay me the bonus that I earned is pretext for race, age, and/or sex discrimination and/or retaliation based on my engaging in protected activity.

EEOC Charge of Discrimination
Initials of Charging Party –

C.    1.    Statutes and Bases for Allegations

I believe that Respondents have discriminated against me based on my race (Hispanic), age (52), and sex (male) and retaliated against for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.* ("Title VII"), Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), and the New Jersey Law Against Discrimination, as amended, N.J.S.A. § 10:5-1, *et seq.* ("NJLAD"), as set forth herein.

# Exhibit "4"

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/10/2023

**To:** Jerry Mercado
▋▋▋▋▋▋
New Brunswick, NJ 08901
Charge No: 17E-2022-00273

EEOC       Representative      and
telephone number:

Legal Unit
(267) 589-9707

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 17E-2022-00273.

On behalf of the Commission,

Digitally Signed By: Karen McDonough
09/10/2023

Karen McDonough
Deputy District Director



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Philadelphia District Office
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/14/2023

**To:** Jerry Mercado
███████████
New Brunswick, NJ 08901
Charge No: 530-2023-02276

EEOC Representative and phone
number:

Legal Unit
(267) 589 9707

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 530-2023-02276.

On behalf of the Commission,

Digitally Signed By: Karen McDonough

09/14/2023

Karen McDonough

Deputy District Director

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
### (This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/14/2023

**To:** Mr. Jerry B. Mercado
███████████
NEW BRUNSWICK, NJ 08901
Charge No: 530-2023-02235

EEOC Representative and phone number:

Legal Unit
(267) 589 9707

---

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 530-2023-02235.

On behalf of the Commission,

Digitally Signed By:Karen McDonough
09/14/2023

Karen McDonough
Deputy District Director